## C. M. Carpenter et al. v. Ed. R. Kone et al.

### Decided March 3, 1909.

**1.—Change of Venue—Rulings on Demurrer.**

An application by plaintiff for change of venue to another county in the same district, its court presided over by the same judge, on the ground of prejudice caused by a combination of influential persons, was filed and not contested. Held that it was proper, before passing upon such application, for the court to dispose of the case upon a general demurrer to plaintiff's petition which was held to show no cause of action.

**2.—Mandamus—Public Officer—Successor—Abatement of Action.**

A county judge against whom there was pending an action for mandamus, requiring him to order an election, which he had refused to do, resigned his office. A successor was elected and was made a party to the suit. Held that the office of the writ sought was to compel the performance of a personal duty by the defendant; the action abated on his retirement from office; it could not be continued by the substitution of his successor as defendant, and should have been dismissed; no right arose to prosecute for the writ against the successor until his refusal, upon request, after coming into office, to perform his own personal duty; he was not in privity with his predecessor nor his predecessor's personal representative.

**3.—Mandamus—Injunction.**
    Where a proceeding for writ of mandamus fails, the suit for an injunction to restrain action pending the proceeding for mandamus falls with that action.

Appeal from the District Court of Hays County. Tried below before Hon. L. W. Moore.

*Dowell & Dowell,* for appellants.—On mandamus: Acts Twenty-eighth Legislature, p. 118; Rev. Stats., art. 1107; Glasscock v. Com'r of Land Office, 5 Texas, 471; Arberry v. Beavers, 6 Texas, 457; Harton v. Pace, 9 Texas, 81; Marshall v. Clark, 22 Texas, 25; Puckett v. White, 22 Texas, 560; Durrett v. Crosby, 28 Texas, 688; Tabor v. Com'r Land Office, 29 Texas, 509; Johnson v. Campbell, 39 Texas, 83; Bledsoe v. I. & G. N. R. R. Co., 40 Texas, 537; Teat v. McGaughey, 85 Texas, 485; Campbell v. Blanchard, 2 Texas U. C., 322; Callaghan v. Salliway, 5 Texas Civ. App., 239; Walker v. Barnard, 8 Texas Civ. App., 239; Depoyster v. Baker, 34 S. W., 106; Kimberly v. Morris, 87 Texas, 637; Kimberly v. Morris, 10 Texas Civ. App., 593.
    On injunction: Acts of Thirtieth Legislature, p. 206; Robertson v. Breedlove, 61 Texas, 320; Caruthers v. Harriett, 67 Texas, 131; Polly v. Hopkins, 74 Texas, 147; King v. Com'r Ct., 10 Texas Civ. App., 114; Ewing v. Duncan, 81 Texas, 230; County of Anderson v. Kennedy, 58 Texas, 616; Blessing v. City of Galveston, 42 Texas, 641; George v. Dean, 47 Texas, 73.

*R. E. McKie* and *Will G. Barber,* for appellees.

FISHER, CHIEF JUSTICE.—This is a mandamus proceeding, instituted in the District Court of Hays County by appellants originally against Ed R. Kone to require him, as county judge, to make and enter an order under article 812, of the Acts of the Legislature of 1903, p. 118, for the purpose of holding an election in order to determine if the county seat of Hays County should be moved from the town of San Marcos to Hays City. The petition proceeds to allege that Kone refused to make such an order as required by law for the purpose of holding the election, and alleges that during the pendency of the suit Kone resigned his office as county judge and there was appointed and elected in his place John B. Wilson, the present county judge, who is made a party to this proceeding, and against whom it is prayed that the writ of mandamus be issued. The good faith of Kone in resigning is not in any manner questioned, and as a basis for the relief against Wilson, the present county judge, the appellants rely upon the act of Kone in refusing to order the election. There is no averment that any request had been made of Wilson to order an election, or that he had refused to make such an order, or that the appellants have been deprived of any right by reason of any refusal of Wilson to grant any request that they could lawfully make.
    As ancillary to this proceeding and dependent upon the same there is also a prayer for a writ of injunction against Wilson, as county judge, and the Commissioners' Court of Hays County, and the par-

ties with whom they have a contract for the construction and erection of a courthouse, to cease the performance and execution of that contract until the election may be held and the matter of the removal of the county seat finally determined.

In the trial court a general demurrer and special demurrers were urged by appellees to the appellants' petition, and the court, after hearing the same, sustained the general demurrer and some of the special demurrers, and, as recited in the decree, it was determined that the plaintiffs did not allege a cause of action against which the defendants were required to plead; and we take it from the manner in which the case is here presented and treated in the court below, although the judgment is silent upon that question, that plaintiffs' petition, after the demurrers were sustained, was by the court dismissed. There was no effort by the appellants to amend, so far as appears from the judgment, and here it is well to state that upon the point that we dispose of the case on no amendment is possible.

Before the trial court acted upon the demurrers the appellants filed an application for change of venue, on the ground that there exists in Hays County a combination against them instigated by influential persons, by reason of which they could not in that county expect a fair and impartial trial. Appellants contend that the court erred in taking up and considering the demurrers before acting upon the motion for a change of venue. The bill of exception shows that the motion for change of venue was not contested or controverted in any manner. From what is stated in the bill and the explanation appended thereto, it appears that the court concluded that before granting the motion it had the right to determine whether the petition stated a cause of action. Upon change of venue the case would have gone to Caldwell County, a county presided over by the same judge who disposed of the case; and the judge, in effect, said in the explanation that there was no necessity for merely changing the case to Caldwell County when he would there determine just as he has here, that plaintiffs' petition presents no cause of action.

We have found no authority directly upon this question, but it seems to be in consonance with reason to not require the transfer of a supposed case when none in law exists. It is true the appellants had filed in the District Court of Hays County a petition for mandamus, but upon examination it was found to be fatally defective in that it did not state a cause of action. If this is true, why should it be transferred to another county to ascertain this fact? The grounds alleged for the change of venue was the existence of a prejudice which might affect the appellants in the trial of the case and the ultimate result, but if there was no case to be tried or no cause of action stated upon which there might be exercised the influence of this combination of influential persons, why remove it from Hays County? The court had not when it acted upon the demurrer entered the order transferring the case, and it still retained jurisdiction, and we see no good reason why the case should be sent to Caldwell County for the purpose of there determining that the plaintiff was not, as a matter of law entitled to any relief whatever.

It is not necessary for us in affirming this judgment to discuss

the points presented in the assignments of errors; and in the view that we take of it, it would probably be improper for us to express our opinion upon the correctness of the ruling of the court in sustaining some of the demurrers, but we are clearly in accord with the trial court in the conclusion that the general demurrer should have been sustained, although it may be that we possibly do not agree with that court as to the grounds upon which that ruling should be based. The statute upon which this proceeding is based, article 812, Acts of the Legislature, 1903, p. 118, in effect says that when it becomes desirable to remove the county seat, it shall be the duty of the county judge of said county, or on his failure or inability to act, then two of the commissioners, upon the written application of a certain number of freeholders and qualified voters, etc., to order an election for the purpose of determining the removal. This statute makes it the duty of the county judge, or, in other words, the individual who holds the office of county judge, to order the election. The petition for mandamus states that the application to remove was presented to Kone, who was then county judge, and states his refusal, and gives what purports to be his reasons why he refused to order the election. It also recites the fact that Kone, after the bringing of the suit to compel him by mandamus to order the election, had resigned, and that Wilson had been appointed and elected in his stead. Wilson was made a party and it seems was served with citation and has filed an answer, which, in determining the merits of the plaintiffs' case, it is not necessary that we should look to; but there is no averment whatever in the plaintiffs' petition that Wilson, as county judge, has refused, nor does it appear that any request was ever made of him to order the election; but, as before said, the plaintiffs are seeking to procure the writ of mandamus against Wilson on the ground that his predecessor Kone refused to grant the application. No question is made about the good faith of Kone's resignation. In the syllabus to one of the cases cited, these rules are stated. They are so pointed and terse that we take the liberty of copying them:

"1. The office of a writ of mandamus against an officer is to compel the performance of a personal duty resting upon the person to whom the writ is sent.

"2. On the death or retirement from office of the original defendant, the writ must abate in the absence of any statutory provision to the contrary.

"3. A substitution of his successor in office as defendant will not avail.

"4. A suit which has abated must be dismissed." United States v. Boutwell, 84 U. S., 604, 21 L. ed. 721; United States v. Butterworth, 169 U. S., 602, 42 L. ed., 873; Warner Valley Stock Co. v. Smith, 165 U. S., 32, 41 L. ed., 623; and a number of other cases to like effect, which are collected and annotated in the notes of United States v. Boutwell, 21 L. ed. In the Boutwell case it appears that a mandamus was asked against Secretary Boutwell to issue certain bonds under an Act of Congress. An order was issued for the secretary to show cause. Subsequently, Secretary Boutwell resigned

as secretary of the treasury, and Mr. Richardson was appointed as his successor. It was contended that the process could run against Richardson. In the cases cited and many upon this point referred to in the notes, the language of Judge Strong in the Boutwell case indicates their tenor:

"The office of a writ of mandamus is to compel the performance of a duty resting upon the person to whom the writ is sent. That duty may have originated in one way or in another.

"It may, as is alleged in the present case, have arisen from the acceptance of an office which has imposed the duty upon its incumbent. But no matter out of what facts or relations the duty has grown, what the law regards and what it seeks to enforce by a writ of mandamus is the personal obligation of the individual to whom it addresses the writ. If he be an officer and the duty be an official one, still the writ is aimed exclusively against him as a person and he only can be punished for disobedience. The writ does not reach the office. It can not be directed to it. It is, therefore, in substance, a personal action, and it rests upon the averred and assumed fact that the defendant has neglected or refused to perform a personal duty, to the performance of which by him the relator has a clear right. Hence, it is an imperative rule that previous to making application for a writ to command the performance of any particular act, an express and distinct demand or request to perform it must have been made by the relator or prosecutor upon the defendant, and it must appear that he refused to comply with such demand, either in direct terms or by conduct from which a refusal can be conclusively inferred. Tapp, Mandamus, 283. Thus, it is the personal default of the defendant that warrants impetration of the writ, and if a peremptory mandamus be awarded, the costs must fall upon the defendant.

"It necessarily follows from this, that on the death or retirement from office of the original defendant, the writ must abate in the absence of any statutory provision to the contrary. When the personal duty exists only so long as the office is held, the court can not compel the defendant to perform it after his power to perform has ceased. And if a successor in office may be substituted, he may be mulcted in costs for the fault of his predecessor without any delinquency of his own. Besides, were a demand made upon him, he might discharge the duty and render the interposition of the court unnecessary. At all events he is not in privity with his predecessor, much less is he his predecessor's personal representative. As might be expected, therefore, we find no case in which such a substitution as is asked for now has ever been allowed in the absence of some statute authorizing it." Some of the cases referred to point out the distinction between those cases when the purpose is to mandamus a municipality, or a collective body or an office, and that class of cases which merely complains of the individual that holds the office or of his official action.

Here it is clear that it is the conduct of Kone, the individual holding the office of county judge, that is complained of—his refusal to grant to the appellants a right which they claim they are entitled

to. There is no privity between Kone and his successor Wilson; and if the conduct of the former was wrongful and resulted in a denial of a right to the appellants (which we do not, by the way, hold to be the case) why should Wilson be held responsible for it, when he had had no opportunity to prevent it, or *refuse to perform it?* The thing which they complain Kone refused to do was not one of the necessary incidents of the office which descended to his successor. But the refusal of Kone was personal, for which he alone could be held responsible; and, notwithstanding there is a conflict of authority upon the question, the reasoning upon which rests the Boutwell case, and others to the same effect, is unanswerable. There is no statute in this State that permits the successor in office to be substituted for the predecessor in a mandamus proceeding like this.

The question discussed is preliminary to all others that might arise in the case, for if it is true that it affirmatively appears that the party against whom the writ should run, is, by resignation or otherwise, in an attitude that the decree could not operate against him, it arrests the entire proceeding and it should be dismissed. Therefore, we are inclined to think that it would be improper to consider the other questions, but, conceding that we could do so, it is not necessary that they should be considered. The injunction proceeding must necessarily fail on account of the judgment dismissing the petition for mandamus.

*Affirmed.*