Don E. HANSEN et al., Appellants,

v.

EAGLE MOUNTAIN–SAGINAW INDE-
PENDENT SCHOOL DIS-
TRICT, Appellee.

No. 16467.

Court of Civil Appeals of Texas.

Fort Worth.

Dec. 6, 1963.

Rehearing Denied Jan. 10, 1964.

Dixon, Alley & Petrovich, and Travis Alley, Fort Worth, for appellants.

Morgan & Shropshire, and Cecil A. Morgan, Fort Worth, for appellee.

RENFRO, Justice.

· This is an appeal by Don E. Hansen and American Employers' Insurance Company from a summary judgment awarded to Eagle Mountain-Saginaw Independent School District.

The plaintiff plead that Hansen submitted a proposal to erect a shop building as an addition to the W. E. Boswell High School of plaintiff district for a consideration of $45,910.00 on May 8, 1962; attached to the proposal was a bid bond of same date signed by Hansen and American Employers' Insurance Company; the bid bond provided that defendants would pay plaintiff the sum of five per cent of the total amount bid conditioned that Hansen would carry into execution his proposal to construct the building; on May 8, 1962, the Board of Trustees awarded the contract to Hansen; and on May 11 notified Hansen the contract had been awarded to him; Hansen defaulted on his proposal and refused to construct the building; on May 21 the Board of Trustees awarded a contract in the amount of $56,448.00 to John W. Webb; that defendants were bound and liable to pay plaintiff five per cent of $45,910.00 or the difference between the Hansen bid and the Webb bid, whichever was the lowest amount for which the plaintiff could legally contract with another party to perform the work; prayer was for the lesser amount, or five per cent of $45,910.00.

Defendant answered that he was granted a 10 day period after award of contract to execute such a contract and furnish bond; plaintiff breached said provision by awarding the contract to another before the expiration of such 10 day period; denied that the sum of $56,448.00 was necessary or required to construct the building.

The suit was filed July 11, 1962, and answer filed August 20, 1962. On Nov. 27, 1962, plaintiff filed motion for summary judgment attaching thereto plaintiff's interrogatories and request for admissions, defendants' answer to such interrogatories and requests, affidavit of the architect for plaintiff and affidavit of a member of the School Board.

Defendants did not reply to the motion for summary judgment.

The first point of error is that a material issue of fact exists in that Hansen made a material mistake of fact in the bid submitted, and of which facts he advised the plaintiff promptly and requested withdrawal or renegotiation of his bid.

Defendants' answer did not plead either mutual or unilateral mistake.

Exhaustive interrogatories and requests were submitted to defendants.

It was admitted that Hansen submitted the $45,910.00 bid and that a bid bond was duly executed by both defendants, but "which written instrument inadvertently and through mutual mistake contains the figure $45,910.00, and otherwise said instrument speaks for itself." In answer to another request, "Defendants admit the inadvertent execution of such Bid Bond through mutual mistake of the parties * * and * * * any statements made by Hansen were predicated upon a mutual mistake concerning his sub-contractor bids, which facts were made known to the Board by Hansen as soon as such mutual mistake was discovered"; that defendants met with the architects and at such "time informed them of such mutual mistake." It was admitted that Hansen received a letter dated May 11, 1962, informing him officially that he had been awarded the contract and notifying him to sign the contract documents, which were ready in the office of the architect, by May 15.

The affidavit by the architect stated that Hansen was present when the Board accepted his bid. The next day he informed both defendants all papers were ready for execution but both refused to sign. On May 21, the contract was awarded to the next lowest bidder, John W. Webb, in the amount of $56,448.00.

Board member Elkins, by affidavit, stated that all bids were opened on May 8, that Hansen's was the low bid, and after a discussion between Hansen, the architect and members of the Board the contract was unanimously awarded to Hansen. Hansen was present when the contract was awarded to him; Hansen failed and refused to enter into a written contract; the Board waited until May 21 for Hansen to execute the contract, but upon his refusal the Board awarded a contract to Webb.

As heretofore stated, the defendants did not reply to the motion for summary judgment, the various instruments and affidavits contained therein, but base point one on their replies in answer to admissions wherein they refer to mutual mistake.

We have carefully studied the pleadings and all matters before the court at the time of the hearing and find no allegations or statements regarding mistake other than the quoted references in the forepart of our opinion. At no time did defendants allege the nature of the mistake, who made it or when it was made. More important, it is nowhere claimed, except in appellants' brief, that a material mistake was made.

The Supreme Court in James T. Taylor & Son, Inc. v. Arlington Independent School District, 160 Tex. 617, 335 S.W.2d 371, quoted with approval 43 Amer.Jur., Public Works and Contracts, § 63, p. 805, wherein it is said: "'As a general rule, equitable relief will be granted a bidder for a public contract where he has made a *material* mistake (emphasis added) of fact in the bid which he submitted, and upon the discovery of that mistake acts promptly in informing the public authorities and requesting withdrawal of his bid or opportunity to rectify his mistake, particularly where he does so before any formal contract is entered into.'"

In setting out a guide for trial courts in matters of mistake in bids on public works, the Supreme Court in the Taylor case, supra, said: " * * * the trial court, guided by the principles herein stated, should determine from the facts and circumstances under which the mistake was made whether there is raised such issue of negligence that should be submitted to the jury. If there is raised an issue of fact as to whether the mistake was the result of such carelessness or lack of good faith in calculation which violates the positive legal duty in making a bid, then the court should inquire whether such mistake was wholly caused by the failure to exercise at least that minimum degree of care which a public authority in the position of the School District may reasonably expect all of its bidders to exercise in the light of the circumstances of the transaction and the practice of the trade."

■ The record shows that defendants did not plead mistake. They did not answer plaintiff's motion for summary judgment. In their answer to request for admissions they merely said a mistake had been made. They did not say by whom, under what circumstances, when, or that such mistake was material.

We sustain the trial court's conclusion that, as to mistake, there was no genuine issue as to any material fact.

The point of error is overruled.

Other points are based on contentions the pleadings presented material issues of fact as to the time which Hansen had to accept the contract, and the date the subsequent contract was awarded to Webb.

By exhibits and affidavits the plaintiff demonstrated to the court there were no genuine issues of such facts.

■ Where a party's motion for summary judgment has support in extrinsic evidence which will sustain his contention that there is no genuine issue of fact, the opponent should be required to come forward with more than a mere pleading denial, even a sworn one, in order to overcome the force of the motion. McDonald, Texas Civil Practice, Vol. 4 (1962 Cumulative Supplement, § 17.26.3, p. 47).

■■ Defendants did not file an answer to the motion for summary judgment. They did not show that they were unable to obtain affidavits or evidence to contradict plaintiff's exhibits and affidavits. According to the rule, the Court's rulings are to be based upon the pleadings, depositions and admissions on file, together with the affidavits, if any. Sub. (c), Rule 166–A, Texas Rules of Civil Procedure. Formal issues framed in the pleadings are not controlling when extrinsic evidence demonstrates the absence of any true issue, McFarland v. Connally, Tex.Civ.App., 252 S.W.2d 486; Saenz v. Lower Rio Grande Valley Chamber of Commerce, Tex.Civ.App., 296 S.W.2d 806; hence a genuine issue of material fact is not raised by allegations in a pleading when they are controverted by affidavits or other evidence, and they must be bolstered by counter-affidavits or other evidence. Baxter v. Beaupre, Tex.Civ.App., 295 S.W.2d 718.

Under the record, as presented to the trial court, we uphold the trial court's judgment that no genuine issue of material fact was presented at the hearing.

In their last point defendants allege error on the part of the court in overruling their motion, which, in effect, requested the court to order the plaintiff to take Hansen's oral deposition rather than have him answer plaintiff's request for admissions.

The request for admissions was filed Oct. 9, 1962.

■ The motion by defendants to require plaintiff to take Hansen's oral deposition was filed October 21. Said motion was heard on October 25 and overruled. Defendants were ordered to make answer to the request for admissions on or before November 9. The motion for summary

judgment was heard on December 27. It is not contended that the court allowed insufficient time for answering the admissions, and no contention is made that additional time was requested. Moreover, defendants had ample time before the hearing on the motion for summary judgment to prepare and file counter-affidavits for and from defendants. This they did not do.

Under the record, reversible error is not shown.

All points of error are overruled and the judgment of the trial court is affirmed.