**W. R. LEGGITT, Clerk, Appellant,**

**v.**

**Harold NESBITT, Appellee.**

**No. 284.**

Court of Civil Appeals of Texas.

Tyler.

May 11, 1967.

to the governing body of the City as sufficient under the provisions of the City's Charter a petition filed by appellee Nesbitt and others, requesting the recall of three councilmen, to-wit: F. Ames Lawrence, B. P. Dake and M. A. "Mel" Pyeatt, from their offices as City Councilmen of the City of Gladewater.

In a trial before the court, without a jury, the trial judge concluded that the recall petition presented to appellant, W. R. Leggitt, while acting as City Clerk, was good and sufficient and that it had been filed in compliance with the City's Charter. Based upon these conclusions of law, the trial court rendered judgment ordering that a writ of mandamus be issued directing appellant Nesbitt to certify to the City Commission of Gladewater that the recall petition filed by appellee was sufficient.

The trial court prepared and caused to be filed his findings of fact and conclusions of law, in which he found, among other things, that appellee Nesbitt was a qualified voter of the City of Gladewater and was one of the signers of the petition; that the original petition filed for a recall election was signed by Nesbitt and 390 qualified voters; that on May 3, 1966, the petition was presented to H. I. McAfee, who was then serving as City Clerk; that McAfee refused to certify the petition to the City Council because of the lack of sufficient signers; that thereafter, an amended petition was filed on May 20, 1966, containing additional signatures; that the subsequent petition was submitted to appellant, W. R. Leggitt, who was then acting as City Clerk in the absence of Mr. McAfee; that Leggitt refused to certify the petition to the City Council on the ground that the petition lacked a sufficient number of signers; that appellee Nesbitt held no official position with the City at the time of the presentation of the petition, but was an unsuccessful candidate for the office of City Councilman in the preceding election. The court further found that at the time this cause finally went to trial, as well as at the

Hollie G. McClain, Gilmer, W. C. Hancock, Pittsburg, for appellant.

Marcus Vascocu, Longview, for appellee.

MOORE, Justice.

This proceeding was brought by appellee, Harold Nesbitt, for a writ of mandamus commanding appellant, W. R. Leggitt, in his official capacity as acting City Clerk of the City of Gladewater, to file and certify

time of the entry of the judgment, W. R. Leggitt was not serving as City Clerk of the City of Gladewater.

The undisputed facts show that for many years prior to the time this controversy arose, H. I. McAfee had occupied the office of City Clerk of the City of Gladewater; however, on May 15, 1966, for some reason not made clear by the evidence, he was either discharged from his duties or was given a leave of absence and appellant, W. R. Leggitt, was employed by the City Council as acting City Clerk on May 15th, in which capacity he served until June 15, 1966, when Mr. McAfee returned and resumed the duties as City Clerk.

The Charter of the City of Gladewater provides that any or all members of the City Council may be recalled and removed from office by the electors qualified to vote for a successor of such incumbent by the following procedure:

"A petition signed by qualified voters entitled to vote for a successor to such member sought to be removed equal in number to 25% of the entire number of persons entitled to vote in said city as appears from the poll tax rolls of Gregg County for the year ending the 31st of January next preceding demanding the recall of the Mayor or any Councilman, shall be filed with the City Clerk. Such petition shall contain a general statement of the ground for which removal is sought. The signatures to the petition need not all be appended to one paper, but each signer shall add to his signature his place of residence, giving the street and number. One of the signers to each paper shall make oath before an officer competent to administer oaths that each signature is that of the person whose name it purports to be. Within ten (10) days from the filing of such petition the City Clerk shall examine the same and from the list of qualified voters, ascertain whether or not the petition is signed by the requisite number of qualified voters, and if requested to do so, the council shall allow him extra help for the purpose. He shall attach to each petition a certificate showing the results of such examination. If by the City Clerk's certificate the petition is shown to be insufficient, it may be amended within ten (10) days from the date of such certificate by obtaining additional signatures. The City Clerk shall within ten (10) days after such amendment is filed, in case one is filed with him, make examination of the said amended petition and if his certificate shall show same to be insufficient, shall be returned to the persons filing same and shall not be subject to amendment.

"If the petition be found sufficient, the City Clerk shall submit the same to the Council without delay and the Council in the event the Mayor or Councilman named in said petition fails to resign, shall order and fix a date for holding the said election * * *."

The Charter further provides that should the Council fail or refuse to order an election, the District Court, upon proper application being made therefor, may order such election and enforce the carrying into effect of the provisions of the recall provisions of the Charter.

■ Appellant, W. R. Leggitt, perfected this appeal and has assigned six points of error seeking a reversal of the judgment. By his first point of error, he contends that the trial court erred in overruling his plea in abatement. In this connection, he contends that appellee Nesbitt is not a proper party to bring this suit because he is not shown to have had a justiciable interest in the subject matter of the litigation in that his interest in the recall election was no different from that of any other private citizen and therefore he had no right to bring a suit for mandamus without the joinder of the State of Texas acting through its proper officers. We have concluded that this contention must be overruled.

The general rule is that where a specified number of voters is given the right to demand an election by petition, one or more of the petitioners may apply for, and in a proper case obtain, a writ of mandamus to compel the calling of the election. 37 Tex.Jur.2d, Sec. 90, page 740.

It has been specifically held that where a City Charter confers a right upon the qualified electors to petition the City Council for a recall election, a signer of the petition has a justiciable interest in the subject matter of the litigation and is therefore a proper party for the purpose of compelling the governing body of the city to call an election. Boynton v. Brown, (Tex.Civ.App.) 164 S.W. 893; City of De Leon v. Fincher, (Tex.Civ.App.) 344 S.W. 2d 743.

A signer of the petition would likewise have a justiciable interest in a suit against the City Clerk for the purpose of compelling him to submit the recall petition to the City Council. Vetters v. State, (Tex.Civ.App.) 255 S.W.2d 588.

The case of Yett v. Cook, 115 Tex. 205, 281 S.W. 837, relied upon by appellant is not in point. In that case the provision of the City Charter granting the voters the right to petition for a recall election had been repealed. The court concluded that since there was no statute or provision in the City Charter granting the right of a recall election, the signer of the recall petition had no justiciable interest which was any different from that of any other private citizen, and therefore was not a proper party to the suit in the absence of a joinder by the State acting through its authorized officials.

By the second, third and fourth points of error, appellant asserts that the trial court erred in granting the application for mandamus because neither at the time of the trial nor at the time of the judgment was he the City Clerk or the acting City Clerk and therefore the trial court did not have any authority to compel him to perform the duties of the City Clerk, from which office he had resigned.

As stated before, the trial court found from the undisputed evidence that appellant was appointed acting City Clerk from May 15th through June 15th, 1966, while the regular City Clerk, H. I. McAfee, was on leave of absence. Although the suit for mandamus was filed on June 2, 1966, while appellant was serving in his official capacity as acting City Clerk, he resigned the position on June 15th, when Mr. McAfee returned and assumed the duties of City Clerk. Notwithstanding this fact, on June 24, 1966, appellee filed his first amended petition on which he went to trial, alleging that appellant was then the acting City Clerk. It was undisputed, however, that on said date appellant was no longer serving in that capacity and H. I. McAfee was serving as City Clerk. McAfee was not made a party defendant, nor did appellee allege in his amended petition that Mr. McAfee had refused to certify as to the sufficiency of the petition or that he had been requested to do so.

Trial was not commenced until July 14, 1966. The judgment which was entered on October 6, 1966, recited in part as follows:

"It is therefore the ORDER, JUDGMENT and DECREE of the Court that the Clerk of this Court issue a Writ of Mandamus directing Defendant, W. R. Leggitt, to certify to the City Council of the City of Gladewater that the petition for recall submitted to him as City Clerk on the 20th day of May, 1966, is sufficient."

In 37 Tex.Jur.2d, Sec. 86, page 734, it is said:

"A suit for mandamus to compel an officer to perform a personal duty abates on his death or retirement and will be dismissed, in the absence of a statute permitting the substitution of his successor. * * *"

In the case of Carpenter v. Kone, 54 Tex. Civ.App. 264, 118 S.W. 203, one of the questions involved was whether or not a suit for mandamus abated on the retirement of the office holder. In concluding that it did, the court held that the office of a writ of mandamus against an officer is to compel the performance of a personal duty resting upon the person to whom the writ is sent and on the death or retirement from office of the original defendant, the writ must abate in the absence of any statutory provisions to the contrary. 102 A.L.R. 947.

The reason for the rule was discussed in the opinion of the United States Supreme Court in the case of United States v. Boutwell, 17 Wall. 604, 84 U.S. 604, 21 L.Ed. 721, wherein the court said:

"The office of a writ of mandamus is to compel the performance of a duty resting upon the person to whom the writ is sent. That duty may have originated in one way or in another. It may, as is alleged in the present case, have arisen from the acceptance of an office which has imposed the duty upon its incumbent. But, no matter out of what facts or relations the duty has grown, what the law regards and what it seeks to enforce by a writ of mandamus, is the personal obligation of the individual to whom it addresses the writ. If he be an officer and the duty be an official one, still the writ is aimed exclusively against him as a person, and he only can be punished for disobedience. The writ does not reach the office. It cannot be directed to it. It is, therefore, in substance a personal action, and it rests upon the averred and assumed fact that the defendant has neglected or refused to perform a personal duty, to the performance of which by him the relator has a clear right. * * *

"It necessarily follows from this that on the death or retirement from office of the original defendant, the writ must abate in the absence of any statutory provision to the contrary. When the personal duty exists only so long as the office is held, the court cannot compel the defendant to perform after his power to perform has ceased. * * *"

■ Thus, upon appellant's retirement from office, he was no longer obligated or authorized to perform the duties of City Clerk. His right, as well as his duty to perform the functions of that office, existed only so long as the office was held by him. For this reason, we think the trial court was without authority to compel appellant to perform duties of that office after his power and obligation had ceased. Peck v. Murphy & Bolanz, (Tex.Civ.App.) 175 S.W. 1078.

■ Appellee argues, however, that if we hold that a suit for mandamus is to be abated by reason of resignation or retirement of the City Clerk, the City Council could always prevent a recall election by merely discharging the City Clerk, especially while the suit for mandamus was pending on appeal. We find ourselves unable to agree with this conclusion. Appellee seems to have overlooked the provisions of Rule 358, Texas Rules of Civil Procedure, providing for a substitution of parties in the event of death or resignation pending appeal. Of course, when either resignation or retirement occurs prior to final judgment, as in this instance, the successor in office, upon his refusal to certify the petition as sufficient, could then be made a party to the proceedings. State of Texas v. Olsen, 163 Tex. 449, 360 S.W.2d 402.

■ As pointed out before, appellee never requested the successor Clerk, H. I. McAfee, to certify as to the sufficiency of the petition, nor did he attempt to make him a party to the suit. It is elementary that this court has no authority to order a substitution of the parties.

In view of the conclusion which we have reached, the remaining points of error become immaterial and discussion thereof will be deferred.

The suit for mandamus against appellant having abated and appellee having failed to

request and secure a substitution of the parties in the court below, we have no alternative other than dismiss the proceedings. The judgment of the trial court will therefore be reversed and the cause dismissed.