**Arthur H. BERRYMAN, Appellant,**

v.

**W. F. ARMSTRONG et ux., Appellees.**

No. 17209.

Court of Civil Appeals of Texas, Fort Worth.

March 19, 1971.

Rehearing Denied April 9, 1971.

Herrick, Jones & Bell, and John W. Herrick, Fort Worth, for appellant.

Pepper & Markward, and R. C. Pepper, Fort Worth, for appellees.

OPINION

MASSEY, Chief Justice.

W. F. Armstrong and wife sued Arthur H. Berryman on a promissory note. After

issues were joined by pleadings the plaintiffs moved for summary judgment. Upon hearing judgment was rendered granting plaintiffs' Motion for Summary Judgment. The defendant appealed.

Affirmed.

On February 3, 1971 the Supreme Court rendered its opinion in Hidalgo v. Surety Savings and Loan Association, 462 S.W.2d 540. Therein the court declared in effect that upon hearings of motions for summary judgment the court should refuse to consider pleadings, even if sworn, as part of the proof before the court, in instances other than those wherein essential propriety of summary judgment rests upon deficiencies in the pleadings of the opposing party rather than upon proof supplied by pleading of the movant.

In the instant case, as disclosed by his sworn pleadings, the defendant placed reliance upon his affirmative defense of complete want of consideration to support his purported obligation to pay the promissory note. Verification of the pleadings setting up the defense was by defendant, in person. Therein he swore that the amount of the promissory note was representative of the total amount received as gifts by him and his then wife over a period of time long antecedent to the date of the note; and that thereafter he signed the note, accommodatingly merely, because of the representation of Dr. W. F. Armstrong that his signature was desired for estate tax purposes.

In the reply to plaintiffs' Motion for Summary Judgment, signed by the attorney for defendant and not verified, it was recited: "In reply to the Motion for Summary Judgment heretofore filed, your Defendant respectfully incorporates in this Reply the Defendant's pleadings, as if each item is separately copied verbatim."

The proofs attached to plaintiffs' Motion for Summary Judgment included the affidavits of Dr. W. F. Armstrong and his attorney and the promissory note. The note bore the usual language common to such instruments reciting the obligor's promise to pay an amount certain "for value received".

It is to be observed that the case is not one wherein judgment is sought on the pleadings, but rather presents a case where the movant presents evidence upon which he prays for summary relief. In other words it is a case where the respondent is obliged to come forward with countering appropriate evidence or with evidence in support of some appropriate theory of affirmative defense.

■ The question is whether the defendant has in this case come forward with his affirmative defense of want of consideration, when answer was made to plaintiffs' motion, by incorporation therein of the verified answer by which that issue was joined in the pleadings. In view of the holding of the Supreme Court in *Hidalgo* we hold that his defense was not made a part of the proof proper to be considered on Summary Judgment hearing.

The defendant strongly urges that since this case was tried before such holding and declaration upon applicable law by the Supreme Court, and since that court's statements might be termed *obiter dictum*, justice demands that we apply to the instant case the law as recognized prior thereto.

■ But should we do this we are of the opinion that the Summary Judgment was nevertheless proper. As part of the proof of the plaintiffs upon their Motion for Summary Judgment the promissory note was shown to have been admittedly executed by the defendant "for value received". That being true defendant was obliged to answer by filing counter affidavits or other evidence if he would show himself entitled to defeat plaintiffs' motion. Such office is not supplied by the reference to and incorporation of his antecedent pleadings as a response.

· In Hansen v. Eagle Mountain-Saginaw Ind. Sch. Dist., 373 S.W.2d 817, 820 (Fort Worth, Tex.Civ.App., 1963, writ ref., n. r. e.), Justice Renfro, then a member of this court, wrote upon summary judgment procedure (p. 820): "* * * Formal issues framed in the pleadings are not controlling when extrinsic evidence demonstrates the absence of any true issue, McFarland v. Connally, Tex.Civ.App., 252 S.W.2d 486; Saenz v. Lower Rio Grande Valley Chamber of Commerce, Tex.Civ.App., 296 S.W. 2d 806; hence a genuine issue of material fact is not raised by allegations in a pleading when they are controverted by affidavits or other evidence, and they must be bolstered by counter-affidavits or other evidence. Baxter v. Beaupre, Tex.Civ. App., 295 S.W.2d 718." See also Blount v. Westinghouse Credit Corporation, 432 S. W.2d 549, 554 (Dallas, Tex.Civ.App., 1968, no writ history).

Judgment is affirmed.