**McFARLAND v. CONNALLY.**

No. 15367.

Court of Civil Appeals of Texas.
Fort Worth.

Oct. 10, 1952.

Rehearing Denied Nov. 14, 1952.

injuries sustained by his wife, allegedly as a result of negligence on the part of the appellee, H. F. Connally, Jr.

The petition alleges the following facts in chronological order: on the 25th of September, 1947, appellant's wife underwent a surgical operation at the hands of appellee; about one month later appellee performed an exploratory operation upon appellant's wife to discover the reason for her failure to make satisfactory recovery; approximately six weeks later it was discovered that a gauze sponge had been left in the abdominal cavity at the time of the first operation, a portion having worked its way through the open incision; on the 8th of December, 1947, appellee removed the gauze sponge; on the 3rd day of May, 1948, in consideration of $750 paid, Mr. and Mrs. McFarland executed a release in writing to the appellee of any claim "on account of a certain ailment and injury suffered by Edith McFarland and which occurred on or about September 25, 1947, and also because of any medical or surgical services rendered or which should have been rendered in the treatment thereof or in connection therewith." Before executing said release, appellant asserts that they were assured by appellee that Mrs. McFarland "was practically well," and that they relied upon that representation. Early in June, 1948, approximately one month after the execution of the release, a post-operative rupture appeared and appellee then advised Mrs. McFarland should wait two years before having an operation to cure this rupture.

The court sustained certain exceptions to the petition, holding that the cause of action affirmatively appeared on the face of the petition to have been barred by the two-year period of limitation, and granted the motion for summary judgment.

This suit was not brought until June 13, 1951, some three years after the execution of the release. While the appellant says that in executing the release they relied upon appellee's statement that Mrs. McFarland "was practically well," admittedly they knew one month later that she

John W. Fulbright, of Waco, for appellant.

Clark & Seley, of Waco, and Overton & Ballowe, of Austin, for appellee.

CULVER, Justice.

This suit was brought by Charles I. McFarland, appellant, to recover for personal

was not "practically well" because a post-operative rupture had appeared and the appellee had told them that another operation would be necessary. We are of the opinion therefore that the trial court's action in sustaining the exception was proper.

In Carrell v. Denton, 138 Tex. 145, 157 S.W.2d 878, Tex.Com.App., the court goes so far as to hold that where the suit is based on negligence in failing to remove a gauze sponge from the body of plaintiff, his cause of action accrued at that time, notwithstanding the plaintiff's ignorance of such fact until four years later, citing also Houston Water-Works Co. v. Kennedy, 70 Tex. 233, 8 S.W. 36.

The authorities also hold that the operation of the statute of limitation is not postponed merely because the plaintiff cannot fully ascertain the extent of the damage. Texas Central Ry. Co. v. Hawkins, Tex.Civ.App., 163 S.W. 132; Robertson v. Texas & N. O. R. Co., Tex.Civ.App., 122 S.W.2d 1098, writ refused; City of Vernon v. Low, Tex.Civ.App., 158 S.W.2d 857.

Appellant insists that the rule in the majority of jurisdictions is to the effect that limitation in a malpractice case does not begin to run until the end of the patient-physician relationship. In support of that contention he cites Bowers v. Santee, 99 Ohio St. 361, 124 N.E. 238; Schmit v. Esser, 183 Minn. 354, 236 N.W. 622, 74 A.L.R. 1312; and Thatcher v. De Tar, 351 Mo. 603, 173 S.W.2d 760. We think these cases are not applicable to the facts of the case under our consideration. In the first two cases there was involved an attempted reduction of a fractured bone in the leg, which necessarily involved treatment over a period of time; and in the last case the suit was brought immediately upon the dis-covery of the needle left in the body of the plaintiff. See also 70 C.J.S., Physicians and Surgeons, § 60, p. 983.

The action of the trial court in granting summary judgment must be upheld for the reason there has been brought forward with this appeal no statement of facts. The judgment reveals that there were introduced in evidence depositions and affidavits, all of which were considered by the court before making his ruling. Those facts not being before us, it is not possible for us to say that the court erred in holding that the appellant presented no fact issues.

The purpose of summary judgment procedure is that the court may look through and beyond the pleadings and even though a petition may state a cause of action, nevertheless if, on a motion for summary judgment, proof fails to show any genuine issue regarding a material fact, then the granting of summary judgment is proper. Rule 166-A, T.R.C.P.; Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236, 237. If facts proved would warrant an instructed verdict, summary judgment should be granted. King v. Rubinsky, Tex. Civ.App., 241 S.W.2d 220. Where there is no statement of facts in the record, every presumption must be applied in favor of the trial court's judgment. McElyea v. Parker, 125 Tex. 225, 81 S.W.2d 649; Daniel v. Kittrell, Tex.Civ.App., 188 S.W. 2d 871.

We must therefore assume that the evidence before the court warranted his finding that there was no "genuine issue regarding a material fact" and his action in granting a summary judgment.

Finding no error, the judgment of the trial court is affirmed.