K. R. SAVOY et al., Appellants,

v.

GRAHAM MEMORIAL AUDITORIUM
ASSOCIATION, INC., et al.,
Appellees.

No. 16039.

Court of Civil Appeals of Texas.

Fort Worth.

Nov. 6, 1959.

Hayden C. Covington, Brooklyn, N. Y.,
for appellants.

Jennings & Montgomery, and Frank L.
Jennings, Graham, for appellees.

RENFRO, Justice.

Plaintiff Savoy and others sought a
mandatory injunction to compel Graham

Memorial Auditorium Association and certain named individuals to grant the application of plaintiffs for use of the Graham Memorial Auditorium in Graham by Jehovah's Witnesses for a religious assembly. The petition alleged that the auditorium "is dedicated to * * * public meetings and assemblies of all sorts and is permitted to be used as a place of religious assembly for worship regularly and from time to time by religious groups of all denominations. * * *" The petition further alleged that it was the absolute, ministerial duty of defendants to issue the permit; that the refusal to permit them to use the auditorium deprived them of rights of freedom of assembly and worship guaranteed by the Constitution of the State of Texas, and of the Federal Constitution; that defendants' acts were arbitrary, discriminatory and in violation of plaintiffs' rights to due process of law.

Defendants filed a motion for summary judgment. A certified copy of the charter of Graham Memorial Auditorium Association was made a part of the motion for summary judgment. The charter was filed with the Secretary of State in October, 1928. Representatives of the Graham Benevolent Foundation, the Graham Rotary Club, the Graham Chamber of Commerce, the American Legion Post and the Chautauqua Literary and Scientific Circle incorporated themselves into "a voluntary association * * * for Literary and Scientific purposes and undertakings; the maintenance of a public library and reading rooms; the erection of an Auditorium for public speaking, lectures, entertainment, and other gatherings of people * * *." Article 8 provided that the trustees should transact the business of the Association and have full power and authority to do and perform all things necessary for government and control and to make necessary rules, regulations, etc. Also made a part of the motion for summary judgment was an affidavit by Graham P. Stewart and J. J. Gallaher. According to affiants: they have served as trustees continuously since 1928; all business of the Association has been transacted by the trustees; at no time has any governmental agency exercised or attempted to exercise any control over the auditorium, or attempted any regulation concerning the use thereof; the Association, acting through its trustees, has at all times exercised absolute and independent discretion and judgment in permitting, and withholding, the use of the Auditorium by those making application for its use; the trustees denied the request of plaintiffs for use of the Auditorium; they knew of no previous application by or on behalf of any religious organization for use of the Auditorium as a place to hold a circuit or similar meeting being granted; a Baptist denomination sought use of the Auditorium in the 30's, but the application was denied by the trustees.

The plaintiffs' reply to the motion for summary judgment was in substance that the motion was illegally made in violation of the rules of the court and the decisions of the courts of Texas.

The trial court sustained the motion for summary judgment.

The plaintiffs contend the court erred "because there was a controversy upon material allegations appearing in the first amended petition * * *" and "the allegations appearing in the first amended petition showed that there was a public dedication * * * for a religious use * * *" and denial of the application was in violation of State and Federal Constitutions.

■ The object of the summary judgment rule is to permit either party to brush aside groundless allegations in the pleadings and to obtain prompt disposition of the action where there are no genuine issues of fact; and hence a trial would be an empty formality. Engl v. Aetna Life Ins. Co., 2 Cir. 139 F.2d 469.

■ Plaintiffs did not controvert defendants' motion by affidavit, but, instead, relied on the allegations of their petition.

Generally a genuine issue of a material fact is not raised by allegations in a pleading when they are controverted by affidavits or other evidence, in the absence of counter-affidavits or evidence to sustain them. Wilkinson v. Powell, 5 Cir., 149 F.2d 335. Plaintiffs did not show that they were unable to obtain affidavits or evidence to controvert defendants' affidavits, or evidence or affidavits to support the allegations in their own petition. According to the rule the courts' rulings are to be based upon the pleadings, depositions, and admissions on file, together with the affidavits, if any. Sub. (c), Rule 166-A, Texas Rules of Civil Procedure. Formal issues framed in the pleadings are not controlling when extrinsic evidence demonstrates the absence of any true issue, McFarland v. Connally, Tex.Civ. App., 252 S.W.2d 486; Reese v. Davitte, Tex.Civ.App., 255 S.W.2d 1015; Saenz v. Lower Rio Grande Valley Chamber of Commerce, Tex.Civ.App., 296 S.W.2d 806; hence a genuine issue of material fact is not raised by allegations in a pleading when they are controverted by affidavits or other evidence, and they must be bolstered by counter-affidavits or other evidence. Baxter v. Beaupre, Tex.Civ.App., 295 S.W.2d 718. Where a party's motion for summary judgment has support in extrinsic evidence which will sustain his contention that there is no genuine issue of fact, the opponent should be required to come forward with more than a mere denial pleading, even a sworn one, in order to overcome the force of the motion. McDonald, Texas Civil Practice, Vol. 4, 1958 Cumulative Supplement, p. 40.

■ In view of the record, and in light of the above rules, it is clear the following material facts were established without dispute at the hearing on the motion for summary judgment: the Graham Memorial Auditorium Association is a private corporation; its trustees, who are in no way connected with any governmental agency, are vested with exclusive control of the Association; there has never been a public dedication of the Auditorium for religious use;

no religious organization has been permitted to use the Auditorium for general assembly purposes; the only previous request for such use was denied; there was no discrimination against plaintiffs. The court did not err in holding there were no disputed material fact issues to be determined.

■ Since there had been no public dedication for religious use of the Auditorium, and it was owned and controlled by a private corporation, the trustees thereof had a right to deny such use to plaintiffs. Plaintiffs' constitutional rights of freedom of assembly, speech and worship do not include the privilege of exercising such rights on private, undedicated, property, against the will of the owners. Good v. Dow Chemical Co., Tex.Civ.App., 247 S.W.2d 608.

The judgment of the trial court is affirmed.

Affirmed.