Les BAKER, Jr., Appellant,

v.

CITY OF FORT WORTH, Appellee.

No. 16531.

Court of Civil Appeals of Texas.

Fort Worth.

May 22, 1964.

Rehearing Denied June 19, 1964.

Les Baker, Jr., Fort Worth, for appellant.

S. G. Johndroe, Jr., City Atty., Fort Worth, for appellee.

RENFRO, Justice.

Appellant filed suit under the Declaratory Judgment Act to have the court declare illegal appellee's actions in exercising urban renewal powers conditionally conferred upon municipalities by Art. 1269*l*–3, Vernon's Ann.Tex.Civ.St., without having called an election of the tax-paying citizens. He prayed that the court declare illegal the formulation and carrying out of workable programs in furtherance of urban renewal objectives; the application for, acceptance of and expenditures of federal funds for programs which contribute to carrying out and effectuating the purposes and provisions of the Urban Renewal Law; the joining into contract with any agency for performance which contributes to carrying out and effectuating the purposes and provisions of the Urban Renewal Law; the budgeting, appropriating, and expending of tax money and other general revenue for programs which contribute to carrying out and effectuating the purposes and provisions of the Urban Renewal Act.

The appellee denied it had ever engaged in Urban Renewal activities, engaged in the planning or preparation of any urban renewal project, nor engaged in the prep-

aration or completion of any urban renewal plan as defined in Art. 1269*l*–3.

Article 1269*l*–3 is called "Urban Renewal Law". Section 6 of the Article provides that a city, in furtherance of the urban renewal objectives of the Act, may formulate a workable program for utilizing appropriate private and public resources to encourage needed urban rehabilitation and to provide for the development of slum and blighted areas. It also provides for a workable program to include specifically, without limitation, provision for the prevention of the spread of blight areas, the rehabilitation of slum areas, and to convert such areas by providing parks, playgrounds and public buildings. Section 9 is quite long, but in substance defines the authority of a city under the Act. Section 5 provides that none of the powers conferred by the Act can be exercised without approval of the electorate in a proper election.

It is conceded the citizens of Fort Worth have not by election authorized adoption of the benefits of the Act, and this is the hub of appellant's contentions.

Appellee filed a sworn motion for summary judgment in which it contended the City was not, and never had, engaged in the planning or preparation of any Urban Renewal Project, but had, in connection with its community renewal program, performed acts in the nature of research analysis and planning.

Affidavits from the Research and Budget Director of the City of Fort Worth, the Director of Planning of the City and the City Secretary were properly filed, and attached to the affidavits were voluminous reports, etc., showing in detail the money spent and the services done under the community renewal program. The motion, affidavits and exhibits consist of 162 pages.

According to the affidavit of W. J. Bryan Baker, Director of Planning for the City, the objective of the City in promulgating its comprehensive plan was to further the welfare of its citizens by creating a more healthful, convenient, efficient, economical and beautiful environment by endeavoring to meet the economic and physical needs of the citizens by establishing desirable areas for their varied activities; endeavoring to logically relate these different areas to one another and to the natural characteristics of the land; and endeavoring to develop a program for providing adequate services and facilities to these areas.

The acts and policy of the community renewal program are very well explained by Baker by the following, taken from his affidavit:

"No personnel of the Planning Department or independent contractor working under my direction and control, nor any other person or persons to my knowledge, are engaged in, nor have they been engaged in, nor do I anticipate that they will be engaged in, the preparation of surveys and plans for any specific Urban Renewal Project nor the survey of any specific urban area to determine whether the undertaking of Urban Renewal Projects therein may be feasible in connection with the Community Renewal Planning Program of this City nor in connection with the Community Renewal Planning Grant commitments of this City, pursuant to Contract No. Tex R–65 1 (CR) (G), dated June 22, 1962, and executed by this City and the Housing and Home Finance Agency of the United States of America.

"The activity engaged in by the Planning Department of this City embraces research, analysis and preparation of plans only; and in no way whatsoever contemplates condemnation of land or structures upon land, sale of land or construction of any kind whatsoever, or entering into any type of local or federal Urban Redevelopment Project or federal Urban Renewal Project. The City of Fort Worth has applied to the federal government for a Community Renewal Program Grant and such application has been approved; subsequent to such application and approval, this City entered into an agreement, Contract No. Tex R–65

(CR) (G), with the federal government whereby the federal government agreed that if the City performed the aforementioned analysis, research and planning in conformity with minimum federal standards, the federal government would reimburse the City for its expenditures therein to the extent of not more than $89,000.00. At this time the City has completed one economic base study. * * * and is shortly to receive certain aerial mapping photography of the City; this photography is being done by International Aerial Mapping Company, an independent contractor, under my direction and control."

All the exhibits support and are in accordance with the statements in the motion for summary judgment and the affidavits.

Appellant filed a two page affidavit "In Opposition to Defendant's Motion for Summary Judgment", but in said affidavit he did not deny or contradict a single material fact presented by the appellee, nor did he give any reason for not doing so, nor make any showing that he could contradict said affidavits, records, etc., at a trial on the merits.

So, in effect, appellant relied on his pleadings.

"Generally a genuine issue of a material fact is not raised by allegations in a pleading when they are controverted by affidavits or other evidence, in the absence of counter-affidavits or evidence to sustain them. Wilkinson v. Powell, 5 Cir., 149 F.2d 335. Plaintiffs did not show that they were unable to obtain affidavits or evidence to controvert defendants' affidavits, or evidence or affidavits to support the allegations in their own petition. According to the rule the courts' rulings are to be based upon the pleadings, depositions, and admissions on file, together with the affidavits, if any. Sub. (c), Rule 166–A, Texas Rules of Civil Procedure. Formal issues framed in the pleadings are not controlling when extrinsic evidence demonstrates the absence of any true issue, McFarland v. Connally, Tex.

Civ.App., 252 S.W.2d 486; Reese v. Davitte, Tex.Civ.App., 255 S.W.2d 1015; Saenz v. Lower Rio Grande Valley Chamber of Commerce, Tex.Civ.App., 296 S.W.2d 806; hence a genuine issue of material fact is not raised by allegations in a pleading when they are controverted by affidavits or other evidence, and they must be bolstered by counter-affidavits or other evidence. Baxter v. Beaupre, Tex.Civ.App., 295 S.W.2d 718. Where a party's motion for summary judgment has support in extrinsic evidence which will sustain his contention that there is no genuine issue of fact, the opponent should be required to come forward with more than a mere denial pleading, even a sworn one, in order to overcome the force of the motion. McDonald, Texas Civil Practice, Vol. 4, 1958 Cumulative Supplement, p. 40." Savoy v. Graham Memorial Auditorium Ass'n, Inc., Tex.Civ.App., 329 S.W.2d 352.

Under the record before the court, the appellee was entitled to judgment in that the appellant failed to show that a material fact issue as to the matters plead by him was presented by depositions, admissions, affidavits, or otherwise.

Moreover, the contract between the appellee and Federal Government, by which the Government agreed to furnish a certain amount of money for appellee's community renewal program, provided the program should not include the preparation of surveys and plans for any specific urban renewal project, the survey of any specific urban area to determine whether the undertaking of urban renewal projects therein might be feasible, or the planning or undertaking of any specific urban renewal project in the locality. There is no showing the contract has ever been breached by the City.

Appellee is a Home Rule City. The City charter provides that the City Planning Commission shall have power to control the preparation of plans for the future physical development and improvement of the City.

In so far as the record before the trial court is concerned, it appears conclusively

that appellee was not acting and had not acted under the urban renewal law, but had acted and was acting through its proper officials in performing the functions of community planning, an activity authorized by its charter and the powers granted Home Rule cities by law, and was not acting in conflict with the urban renewal law.

Judgment affirmed.