**Mrs. H. S. GRAY, Appellant,**

**v.**

**Rose M. STOREY, Individually and as Independent Executrix of the Estate of Joe Magro, Deceased, Appellee.**

**No. 16570.**

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 16, 1964.

R. Marvin Pierce, Wichita Falls, for appellant.

Ralph P. Mathis, Anderson & Cherry, and Geo. W. Anderson, Wichita Falls, for appellee.

RENFRO, Justice.

Suit for $960.00 was brought by Mrs. H. S. Gray against Mrs. Rose M. Storey, individually and as independent executrix of the estate of Joe Magro, for alleged commissions on rentals and sale of real estate.

Plaintiff alleged that in the early fall of 1957 she and defendant entered into an agreement which provided that plaintiff would be the exclusive agent for defendant for the renting and selling of certain described real estate; that plaintiff obtained Charles L. Preston as lessee for said property; that the lease agreement between defendant and Preston was dated November 22, 1957; that plaintiff collected rentals until July, 1962, at which time defendant began collecting rentals direct from Preston and in October or November, 1962, defendant sold the property to Preston; that in making such sale defendant refused to accept any assistance offered by plaintiff although plaintiff had instigated the negotiations with Preston.

Suit was for commission on rentals paid by Preston to defendant, and commission on the sale price of the property from defendant to Preston.

After filing an answer defendant moved for summary judgment.

The sworn motion for summary judgment states plaintiff was not a party to the Preston lease; that the "exclusive" sale agency was dated August 20, 1960, extended to November 22, 1960, "and thereafter, until terminated by my giving you Five (5) days notice in writing"; that on July 5, 1962, defendant delivered to plaintiff a written statement cancelling said agreement; that the sale to Preston was made long after the listing had been cancelled by defendant. Each allegation made by defendant in her motion was supported by designated exhibits.

Plaintiff did not controvert defendant's motion, but, instead, chose to rely upon the pleadings.

The judgment of the trial court recites in part: " * * * the motion for summary judgment was duly presented to the Court, the same being uncontroverted in any particular; * * *."

■ This court has held consistently that formal issues framed in the pleadings are not controlling when extrinsic evidence demonstrates the absence of any true issue. McFarland v. Connally, 252 S.W.2d 486 (Fort Worth Civ.App.1952, no writ hist.); Reese v. Davitte, 255 S.W.2d 1015 (Fort Worth Civ.App.1953, dism.); Hansen v. Eagle Mountain-Saginaw Independent School District, 373 S.W.2d 817 (Forth Worth Civ.App.1963, ref., n. r. e.); Baker v. City of Fort Worth, 380 S.W.2d 128 (Fort Worth Civ.App.1964, ref., n. r. e.).

■ Generally a genuine issue of a material fact is not raised by allegations in a pleading when they are controverted by affidavits or other evidence, in the absence of counter-affidavits or evidence to sustain them. Wilkinson v. Powell, 149 F.2d 335 (5th Cir., 1945); Baxter v. Beaupre, 295 S.W.2d 718 (Galveston Civ.App.1956, no writ hist.).

■ Where a party's motion for summary judgment has support in extrinsic evidence which will sustain his contention that there is no genuine issue of fact, the opponent should be required to come forward with more than a mere denial pleading, even a sworn one, in order to overcome the force of the motion. McDonald, Texas Civil Practice, Vol. 4, 1962 Cumulative Supplement, § 17.26.3(a), p. 47; Savoy v. Graham Memorial Auditorium Association, Inc., 329 S.W.2d 352 (Fort Worth Civ.App.1959, no writ hist.).

■ Under the record we agree with the trial court that no issue of material fact was presented for determination and that judgment for the defendant was proper.

Judgment affirmed.