**C. H. INMAN, Appellant,**

**v.**

**W. H. CLEMENT et al., Appellees.**

**No. 16633.**

Court of Civil Appeals of Texas.

Fort Worth.

May 21, 1965.

Philip S. Kouri, and Malcolm L. Hughes, Wichita Falls, for appellant.

Short & Smith, and Donald L. Short, Wichita Falls, for appellees.

RENFRO, Justice.

Plaintiffs brought suit against defendant for a balance of $3,000 due on a $5,000 promissory note dated December 1, 1961.

In answer, defendant plead failure of consideration.

Defendant filed a cross-action for damages against plaintiffs, in which he alleged plaintiffs had breached a promise to erect a shopping center adjacent to defendant's land.

Plaintiffs filed a motion, based on the pleadings and exhibits, for summary judgment.

Defendant did not file an answer to the motion for summary judgment.

The court severed the cross-action from the suit on the note and "having considered the pleadings on file and the affidavits" found that plaintiffs were entitled to judgment on the note as a matter of law.

■ Since the defendant did not answer plaintiffs' motion for summary judgment, and the extrinsic evidence considered by the court was not brought forward in the record, we assume the matters presented to the court were such that, as found by the court, "they show an absence of any genuine issue as to any material fact" and the plaintiffs were entitled, as a matter of law, to judgment on the note. McFarland v. Connally, 252 S.W.2d 486 (Fort Worth Civ. App., 1952, no writ hist.); Rolfe v. Swearingen, 241 S.W.2d 236 (San Antonio Civ. App., 1951, ref., n. r. e.); Savoy v. Graham Memorial Auditorium Association, 329 S. W.2d 352 (Fort Worth Civ.App., 1959, no writ hist.); Gray v. Storey, 383 S.W.2d 487 (Fort Worth Civ.App., 1964, no writ hist.).

■ Under the provisions of Rule 41, Texas Rules of Civil Procedure the court had authority to sever the cross-action from the suit on the promissory note. Defendant's complaint of such severance can be sustained only if the trial court abused its discretion in granting the severance. McGee v. McGee, 237 S.W.2d 778 (Amarillo Civ.App., 1950, ref., n. r. e.).

■ A judgment which effectively disposes of a severed and severable phase of the case is final for the purposes of an appeal. Carter v. Skelly Oil Co., 317 S.W.2d 227 (Waco Civ.App., 1958, no writ hist.).

■ Defendant's cross-action was based on an alleged contract entered into November 30, 1961, between defendant and plaintiffs, in which defendant agreed to purchase a 1.08 acre tract of land from plaintiffs and erect a motel thereon, in consideration of plaintiffs' erecting a shopping center on land adjacent to defendant's land within a year from date of the contract; that plaintiffs failed to perform.

The pleading setting out the cross-action did not mention the promissory note and did not set up any matter in said cross-action which would constitute a defense to plaintiffs' cause of action based on the note.

Defendant's cross-action therefore was one that would be the proper subject of a lawsuit independently asserted. Under the record it was not so interwoven as to involve the same identical facts and issues, nor did it, under the cross-action as plead, relate to the same subject matter as the suit on the note from which it was severed.

After proper severance, as in this case, the trial court could properly enter summary judgment on plaintiffs' suit on the note. Pure Oil Co. v. Fowler, 302 S.W.2d 461 (Dallas Civ.App., 1957, no writ hist.).

It appearing that the cross-action asserted a separate cause of action which can be tried independently and involved issues and facts which were different from those in plaintiffs' suit on the note, we cannot say there was an abuse of discretion in the severance ordered by the trial court.

All points of error are overruled.

Judgment affirmed.