**J. L. ROTHCHILD, Appellant,**

v.

**FANNIN BANK, Appellee.**

No. 7773.

Court of Civil Appeals of Texas.

Texarkana.

Oct. 25, 1966.

Rehearing Denied Nov. 15, 1966.

J. L. Rothchild, pro se, Herman W. Mead, Houston, for appellant.

Walter S. McMeans, Houston, for appellee.

FANNING, Justice.

A summary judgment case. Plaintiff-appellee bank sued defendant-appellant upon four promissory notes executed by defendant-appellant to said bank, with the bank alleging it was the owner and holder of said notes and indebtedness, and that the same was past due and unpaid, and that the amount of principal and interest due by

defendant to plaintiff bank was $19,752.45, and a 10% attorney's fee as provided in the note, of $1975.25 was also due and owing, etc. Photostatic copies of the four notes were attached to plaintiff's original petition as exhibits.

Defendant filed a pleading entitled "Defendant's Answer and Special Exceptions". The pleading consists of numerous special exceptions and a general denial. The pleading was sworn to.

Plaintiff filed a motion for summary judgment alleging the sum of $19,752.45 principal and interest due and attorney's fee in the sum of $1,975.25. Plaintiff also filed a supporting affidavit which contained all the necessary factual averments to support a summary judgment for the amounts above referred to in favor of the bank against defendant-appellant, if not controverted by the defendant-appellant. Photostatic copies of the fronts and the backs of the four notes in question were attached to and made a part of the supporting affidavit.

■ Defendant did not controvert defendant's motion for summary judgment and filed no controverting affidavits, depositions, or other evidentiary matter, but instead, chose to rely upon his pleadings. The record is devoid of any showing that defendant's special exceptions were ever called to the attention of the trial court, and were waived. Kellum v. Pacific National Fire Insurance Company, Tex.Civ.App., 360 S.W.2d 538, wr. ref., n. r. e. Furthermore, such special exceptions were not well taken. Thus the only matter remaining in defendant's pleadings, outside of the special exceptions, was a sworn general denial.

The trial court granted plaintiff's motion for summary judgment in the sum of $19,191.46 and attorney's fee in the amount of $1,919.15, with interest and costs. Defendant has appealed.

■ Formal issues framed in the pleadings are not controlling where extrinsic evidence demonstrates the absence of any true issue. McFarland v. Connally, Tex. Civ.App., 252 S.W.2d 486, no writ; Reese v. Davitte, Tex.Civ.App., 255 S.W.2d 1015, wr. dism.; Hansen v. Eagle Mountain-Saginaw Independent School District, Tex.Civ.App., 373 S.W.2d 817, wr. ref., n. r. e.; Baker v. City of Fort Worth, Tex.Civ.App., 380 S.W.2d 128, wr. ref., n. r. e.; Gray v. Storey, Tex.Civ.App., 383 S.W.2d 487, no writ.

■ Generally a genuine issue of a material fact is not raised by allegations in a pleading when they are controverted by affidavits or other evidence, in the absence of counter-affidavits or evidence to sustain them. Baxter v. Beaupre, Tex. Civ.App., 295 S.W.2d 718, no writ; Gray v. Storey, Tex.Civ.App., 383 S.W.2d 487, no writ.

■ Also where a party's motion for summary judgment has support in extrinsic evidence which will sustain his contention that there is no genuine issue of fact, the opponent should be required to come forward with more than a mere denial pleading, even a sworn one, in order to overcome the force of the motion. McDonald, Texas Civil Practice, Vol. 4, 1962 Cumulative Supplement § 17.26.3a, p. 47; Savoy v. Graham Memorial Auditorium Association, Inc., Tex.Civ.App., 329 S.W. 2d 352, no writ; Gray v. Storey, Tex.Civ. App., 383 S.W.2d 487, no writ.

■ Appellant contends to the effect that because the trial court entered a summary judgment in an amount less than alleged by plaintiff's pleadings and supporting affidavit that necessarily the trial court determined an issue of fact thus precluding a summary judgment. The variance in the pleadings and the judgment was in favor of the defendant-appellant. The record would support the larger amount sued for in the pleadings. If the trial court erred in granting a summary judgment in an amount less than that proven then such was an error in favor of

the defendant-appellant and he will not be heard to complain of it. See Turinsky v. Turinsky, Tex.Civ.App., 359 S.W.2d 114, no writ, wherein it was stated:

"* * * the court in calculating the amount of the judgment did not charge appellant with installment payments for child support which had become due more than ten (10) years prior to the date of the filing of the suit in Texas. This action by the trial court resulted in the reduction of the amount of the judgment from the $17,000 sued for to the lesser amount of $15,540. *If such action was error on the part of the trial court, it was an error in appellant's favor, so he will not be heard to complain about it.* Providential Inv. Corp. v. Dibrell, Tex.Civ.App., 320 S.W.2d 415; Langley v. Norris, 141 Tex. 405, 173 S.W.2d 454, 148 A.L.R. 555; 4 Tex. Jur.2d *267–268.*" (Emphasis added).

■ Appellant, among other things, contends that the trial court erred in granting the summary judgment when the original notes were not introduced in evidence. There is no showing in the record itself that the original notes were introduced in evidence although there is a recital in the judgment to the effect that the court had examined the original promissory notes upon which the suit was founded. However, it is our view that although the record does not affirmatively show that said original notes were formally introduced in evidence, the summary judgment can nevertheless be supported because sworn copies of the original notes were attached to plaintiff's affidavit in support of its motion for summary judgment. In this connection see Alexander v. Houston Oil Field Material Company, Tex.Civ.App., 386 S.W.2d 540, no writ, wherein it was stated:

"In the summary judgment proceeding, appellee could have discharged its burden without producing and introducing the original note under Rule 166–A(e) T.R.C.P. by attaching a sworn or certified copy of the note to a proper affidavit or by serving such a copy with the affidavit."

Finding no reversible error in the record, the judgment of the trial court is affirmed.