NO. 07-03-0284-CV


 

IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



MAY 25, 2005



______________________________




STEVE OLDFIELD, APPELLANT



V.



DR. JOE STOCKETT, APPELLEE




_________________________________



FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;



NO. A10370-0210; HONORABLE ROBERT W. KINKAID, JR., JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Appellant Steve Oldfield challenges a summary judgment awarding appellee Joe
Stockett $9,565.88 for veterinary services and attorney's fees in the amount of $4,650.00. 
For the reasons discussed herein, we will affirm. 

 Oldfield operated a horse breeding facility in Swisher County. Stockett performed
veterinary services for Oldfield on an open account. In August 2001, the account balance
was approximately $14,000. A $10,000 payment and other adjustments brought the
account balance to $0 as of September 21, 2001. In March 2002 Oldfield was sentenced
to prison on an unrelated matter. At that time the account balance was $6,833. His
mother, April Oldfield (April), maintained some involvement with the facility. Stockett
alleged April orally guaranteed payment of the existing debt conditioned on his providing
additional services on the account. Stockett's records showed $1,200 in payments on the
account in 2002. 

 In October 2002, Stockett brought suit against Oldfield and April seeking to recover
$12,016.88 on the account (1) or under quantum meruit. Each defendant filed an answer. 
April's answer included several affirmative defenses and a verified denial. Acting pro se,
Oldfield filed a general denial. In December 2002, Stockett served a request for
admissions on Oldfield, advising him the matters would be deemed admitted unless, in a
response delivered within 50 days, Oldfield denied the matters, objected, or stated why he
could not admit or deny a matter. The request asked Oldfield to admit or deny that
Stockett provided, and Oldfield accepted, the goods and services listed on an attached
statement of account, that the amounts shown on the statement represented the value of
the goods and services, that the price charged was the price agreed to by Oldfield, that the
principal amount due on the filing of Stockett's petition was $12,016.88, and that Stockett
presented a request for payment of that amount on September 18, 2002. 

 When no response was received within 50 days Stockett filed a motion for summary
judgment, against Oldfield only, on January 27, 2003. The motion was based on the
deemed admissions, see Tex. R. Civ. P. 198.2(c), and an affidavit of his office manager
verifying the business records and debt, and sought a judgment in the principal amount of
$11,565.88, together with prejudgment interest, post judgment interest, costs and
attorney's fees. (2) The record contains a letter from Oldfield addressed "to whom it may
concern," file-marked March 7, 2003, purporting to explain why "I do not owe Joe Stockett
any money." The letter asserted Stockett "was suppose to collect $16,000.00 from Billy
Beedles for Mare care and breeding[.]" It also alleged Stockett had failed to pay, or give
credit for, $300 in transportation services provided by Oldfield's brothers. The relationship
between Beedles (3) and the debt at issue is not explained in the letter, nor does the letter
indicate why Oldfield would be entitled to credit because of services provided by his
brothers. A second letter filed the same day stated, in full:

 This letter is to the court explaining why I did not get the Fact Requested to
be Admitted.


 I mailed this as soon as I could. Sometimes the mail does not get out or in
for 3 or 4 weeks. Plus we have been in Lock Down Several Times. 


 I am sorry you did not get the Facts requested to be Admitted on time. 

(Underlining in original) It appears no response to the request for admissions was
submitted with the letter.

 In a March 2003 order the trial court granted Stockett's motion for summary
judgment. The order did not award damages or other relief. In April 2003, an attorney filed
an amended answer, apparently on behalf of both April and Oldfield, which pleading also
asserted counterclaims for usury. Stockett filed a general denial in response to the
counterclaims. 

 On a joint motion for nonsuit filed by April and Stockett, the trial court rendered an
order dismissing with prejudice all claims between those parties. On May 19, 2003, the
court signed an order granting judgment against Oldfield in the amount of $9,565.88
together with costs and $4,650 in attorneys fees. Oldfield timely filed a pro se notice of
appeal. 

 Oldfield's pro se brief on appeal presents two issues in which he asserts the trial
court erred in "accepting and entertaining suit brought by Plaintiff with unclean hands," and 
"granting summary judgment to Plaintiff with unclean hands." His argument in support cites
cases for the proposition that "the party coming to Court with unclean hands is always
denied relief." See, e.g., Truong v. City of Houston, 99 S.W.3d 204, 212 (Tex.App.-
Houston [1st Dist.] 2002, no pet.) ("a party with 'unclean hands' will not be permitted to
pursue equitable relief").

 Oldfield devotes several pages of his brief to a statement of facts and concedes a
debt of "$6,800" to Stockett on the date of his incarceration. The brief also contains
allegations that Stockett negligently injured, and ultimately caused the death of, one of
Oldfield's stallions, which Oldfield valued at $10,000. It describes Oldfield's plans to satisfy
his debt to Stockett through a business arrangement with Beedles, and alleges Stockett's
records did not reflect all of the payments made on the account. In support of the factual
allegations in the brief Oldfield has attached six affidavits, business records, and a copy
of the request for admissions where Oldfield has circled the word "denied" after each
request. With the exception of Stockett's business records showing services performed
and charges, none of these documents were presented to the trial court.

 Consideration of the issues raised in Oldfield's brief is complicated by his mistaken
assumption that the appeal is an opportunity to present the case he did not present in the
trial court. Pro se litigants must be held to the same standards as licensed attorneys with
respect to compliance with applicable rules of procedure. See Mansfield State Bank v.
Cohn, 573 S.W.2d 181, 184-85 (Tex. 1978); Clemens v. Allen, 47 S.W.3d 26, 28
(Tex.App.-Amarillo 2000, no pet.). In conducting appellate review we may not consider
evidence or, with some exceptions not applicable here, issues that were not presented to
the trial court. On appeal we are limited to considering the record, which consists of the
clerk's record and, if necessary, the reporter's record. Tex. R. App. P. 34.1; Guajardo v.
Conwell, 46 S.W.3d 862, 864 (Tex. 2001); see Goode v. Shoukfeh, 915 S.W.2d 666, 671
n.6 (Tex.App.-Amarillo 1996), aff'd, 943 S.W.2d 441 (Tex. 1997). In determining this
appeal, therefore, we may not consider the affidavits appended to Oldfield's brief. 

 Moreover, Rule of Civil Procedure 166a(c) governing summary judgments prevents
our consideration of issues not expressly presented to the trial court as grounds for
reversal. Casso v. Brand, 776 S.W.2d 551, 553 (Tex. 1989) (all theories in support of or
in opposition to a motion for summary judgment must be presented to the trial court in
writing). See also Tex. R. App. P. 33.1(a) (requiring preservation of error for appellate
review by a timely objection to the trial court). 

 In reviewing Oldfield's appellate issues, we must consider his argument supporting
them and not simply their wording. Anderson v. Gilbert, 897 S.W.2d 783 (Tex. 1995). The
statement of an issue is treated as covering every subsidiary question that is fairly
included. Tex. R. App. P. 38.1(e). Briefing rules are to be construed liberally. Tex. R.
App. P. 38.9. Following those precepts, we evaluate Oldfield's argument supporting his
issues in the light of the matters raised in his statement of facts. So doing, and giving
particular attention to Oldfield's contention that Stockett's records as presented to the trial
court did not accurately reflect the amount due him, we treat Oldfield's brief as presenting
an issue challenging the sufficiency of Stockett's summary judgment proof to establish his
entitlement to the $9,565.88 judgment as a matter of law. (4) See City of Houston v. Clear
Creek Basin Authority, 589 S.W.2d 671, 678 (Tex. 1979). 

 To prevail on a motion for summary judgment, a movant must establish there is no
genuine issue of material fact and he is entitled to judgment as a matter of law. Randall's
Food Markets., Inc. v. Johnson, 891 S.W.2d 640, 644 (Tex. 1995). 

 Summary judgment evidence may include admissions of a party. Tex. R. Civ. P.
166a(c). Oldfield's failure to timely serve a response to Stockett's request for admissions
resulted in those matters being deemed admitted. See Tex. R. Civ. P. 198.2(c). Such
admissions conclusively establish the matters admitted unless withdrawal is permitted by
the trial court on a showing of good cause and a finding the withdrawal will not result in
undue prejudice to the party relying on the admissions. Tex. R. Civ. P. 198.3. 

 Oldfield's brief asserts that his failure to respond to Stockett's request for
admissions was due to his incarceration, "the burdensome task of writing certain
individuals, seeking their assistance in obtaining the necessary documents to prepare the
requested information," and the discovery that needed documents were missing from his
office. But Oldfield never made the trial court aware of such difficulties beyond the fact of
his incarceration. His letter filed March 7, 2003, referring to his failure to file the "facts
requested to be admitted" on time, mentions none of the matters discussed in his brief.
Assuming, arguendo, Oldfield's discussion in his brief is taken as a complaint of the trial
court's failure to permit withdrawal of the deemed admissions, we find he has not
preserved such a complaint for appellate review. Tex. R. App. P. 33.1. Further, a trial court
has broad discretion to permit or deny the withdrawal of deemed admissions. Stelly v.
Papania, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam). Even if the assertions contained
in Oldfield's brief had been presented to the trial court, we could not say the trial court
would have abused its discretion by denying withdrawal. Compare Burden v. John Watson
Landscape Illumination, 896 S.W.2d 253, 255 (Tex.App.-Eastland 1995, writ denied)
(withdrawal of deemed admissions permitted on showing late response due to clerical error
and party's diligence in correcting error established good cause).

 As noted, the deemed admissions included admissions that Stockett provided the
services shown on his statement of account, that the charges were the ususal and
customary price for the goods and services and in accordance with the parties' agreement,
and that the amount remained unpaid. These admissions track the elements of a suit on
an account. See, e.g., Worley v. Butler, 809 S.W.2d 242, 244-45 (Tex.App.-Corpus Christi
1990, no writ). This evidence established Stockett was entitled to summary judgment. (5) 
On that showing, Oldfield, as the non-movant, had the burden to respond to the motion for
summary judgment and present to the trial court any issues that would preclude summary
judgment. Clear Creek Basin Authority, 589 S.W.2d at 678. Oldfield's letter filed March
7, 2003 "explaining why I do not owe Joe Stockett any money" may be viewed as a
response to Stockett's summary judgment motion. So viewed, though, it fails to point to
any summary judgment evidence raising a fact issue concerning any element of Stockett's
cause of action. (6) Oldfield presented nothing to the trial court defeating Stockett's
entitlement to summary judgment. 

 Accordingly, we overrule appellant's issues and affirm the judgment of the trial court.On Motions

 Also pending before the court are an amicus curiae brief, Oldfield's motion for
permission to file that brief, and his objection to "Plaintiff's Interrogatories in Aid of
Judgment." 

 Rule of Appellate Procedure 11 authorizes the presentation of amicus curiae briefs
which: (a) comply with the rules applicable to the parties' briefs, (b) identify the person on
whose behalf the brief is tendered, (c) disclose the source of any fee for preparing the brief
and (d) certify service of copies on all parties. The brief tendered here fails to satisfy the
mandatory requirements of Rule 11. In several respects, the brief offered fails to comply
with the rules governing appellate briefs. Tex. R. App. P. 9.3, 9.4, 38. The brief is
submitted pro se by an individual who claims to have "some knowledge of the events
involved," but who has no discernable connection to the case or special interest in the
outcome of the appeal. It consists primarily of a series of factual assertions without
reference to the appellate record. The brief does not aid the court's consideration or
disposition of the appeal. We decline to consider the brief and direct it be returned. Tex.
R. App. P. 11. We also deny Oldfield's motion requesting permission to file the amicus
curiae brief.

 In his Objections to Plaintiff's Interrogatories in Aid of Judgment, Oldfield asserts he
has received interrogatories served pursuant to Rules of Civil Procedure 197.2 and 621a. 
He contends the interrogatories are improper because the case is pending on appeal. He
also complains the number of interrogatories exceeds the number permitted by the Rules
of Civil Procedure and are untimely. We would be unable to evaluate any of Oldfield's
complaints concerning the interrogatories because he has not provided us a copy of them. 
More importantly, the Rules of Civil Procedure provide that post-judgment discovery is
supervised judicially in the same manner as that conducted before trial. Tex. R. Civ. P.
621a. Complaints concerning such discovery are to be directed in the first instance to the
trial court. The record before us contains no supercedeas bond or other action suspending
enforcement of the trial court's judgment. See Tex. R. App. P. 24.1. Generally, perfection
of appeal alone does not prevent a judgment creditor from seeking enforcement of his
judgment. See Tex. Civ. Prac. & Rem. Code Ann. §§ 52.001 et seq. (Vernon 1997 &
Supp. 2004); In re Crow-Billingsley Air Park, Ltd., 98 S.W.3d 178, 179 (Tex. 2003) (per
curiam). We decline to consider Oldfield's objection to the interrogatories, without
prejudice to his ability to assert objections in accordance with the Rules of Civil Procedure. 
See generally Tex. R. Civ. P. 193.2. 

 James T. Campbell

 Justice
1. Stockett's original and amended petition each state he was bringing suit on a sworn
account. No affidavit meeting the requirements of Rule of Civil Procedure 185 was
attached, however, and Stockett's motion for summary judgment did not rely on Rule 185. 

2. In response to "special exceptions" to the motion by April, Stockett filed an
amended motion clarifying that it was directed only to the claims against Steve Oldfield.
3. Also sometimes spelled "Beadles" in Oldfield's brief.
4. Oldfield's brief cannot be read as challenging the trial court's award of attorney's
fees to Stockett or its disposition of the usury counterclaim.
5. The summary judgment record does not discuss the $451.00 difference in the
$12,016.88 balance shown on Stockett's statements and the $11,565.88 his pleadings
sought. Nor does it explain the $2,000 credit referred to in the judgment given Stockett for
$9,565.88. Oldfield's brief says the $2,000 was paid to Stockett by his mother April. In any
event, since the differences are in Oldfield's favor, any error involved did not cause the
rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1). See Roadside Stations,
Inc. v. 7HBF, Inc., 904 S.W.2d 927, 934 (Tex.App.-Fort Worth 1995, no writ) (opinion on
rehearing); Rothchild v. Fannin Bank, 407 S.W.2d 878, 879-80 (Tex.Civ.App.-Texarkana
1966, writ ref'd n.r.e.).
6. Even if the court could have considered evidence contrary to Oldfield's deemed
admissions, see Marshall v. Vise, 767 S.W.2d 699, 700 (Tex. 1989), Tex. R. Civ. P. 198.3,
Oldfield's unsworn letter itself cannot constitute summary judgment evidence. Summary
judgment evidence must be in a form admissible at trial. Cox v. Bancoklahoma Agri-Service Corp., 641 S.W.2d 400, 402 (Tex.App.-Amarillo 1982, no writ); see United Blood
Services v. Longoria, 938 S.W.2d 29, 30 (Tex. 1997).



->








NO. 07-10-00112-CV

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



NOVEMBER
9, 2010

 



 

IN THE MATTER OF C.P.



 



 

 FROM THE 98TH DISTRICT COURT OF TRAVIS
COUNTY;

 

NO. JV29,773; HONORABLE W. JEANNE MEURER, JUDGE



 



 

Before QUINN,
C.J., and HANCOCK and PIRTLE, JJ.

 

 

MEMORANDUM OPINION

 

Appellant, C.P., a juvenile, appeals
an order adjudicating him a delinquent and placing him on probation.  We agree with appointed counsel=s conclusion the
record fails to show any arguably meritorious issue which would support the
appeal, and affirm the juvenile court=s judgment.

On October 30, 2009, the State filed
an amended petition alleging delinquent conduct on the part of appellant by
committing a violation of section 22.01 of the Texas Penal Code.  See Tex.
Penal Code Ann. § 22.01
(Vernon Supp.2010). 
The petition alleged appellant committed an assault on a public
servant.  On January 25, 2010, the trial
court conducted an adjudication hearing regarding the charge against appellant.  After hearing evidence, the trial court found
that appellant had committed an assault against a public servant and,
therefore, had engaged in delinquent conduct. 
Subsequently, appellant entered into an agreed disposition.  Thereafter, notice of appeal was filed on
February 22, 2010.  

Appellant's counsel has filed a motion to withdraw and a
brief in support pursuant to Anders
v. California, 386 U.S. 738, 87 S.Ct.
1396, 18 L.Ed.2d 493 (1967) and In
re D.A.S., 973 S.W.2d 296, 299 (Tex. 1998) (finding procedures
enumerated in Anders apply
to juvenile matters), in which he certifies that he has diligently reviewed the
record and, in his professional opinion, under the controlling authorities and
facts of the cases, there is no reversible error or legitimate grounds on which
a non-frivolous appeal can arguably be predicated.  The brief discusses in detail the procedural
history, facts, and law applicable to this matter. Counsel also notes a
potential issue on which error may lie but, with reference to supporting law,
concludes the record does not support an appeal.  Counsel has certified that a copy of the Anders brief and motion to
withdraw have been served on appellant,[1]
and that counsel has advised appellant of his right to review the record and
file a pro se response. Johnson v. State, 885 S.W.2d 641, 645 (Tex.App.B Waco 1994, pet. ref'd).  By letter, this Court also notified appellant=s mother of his
opportunity to submit a response to the Anders brief and motion to withdraw filed by his
counsel.  Neither appellant nor his mother have filed a response. 

 In conformity with the standards set out by
the United States Supreme Court, we will not rule on the motion to withdraw
until we have independently examined the record.  Nichols
v. State, 954 S.W.2d 83, 86 (Tex.App.BSan
Antonio 1997, no pet.).  If this Court
determines the appeal has merit, we will remand it to the juvenile court for
appointment of new counsel.  Stafford v. State,
813 S.W.2d 503, 511 (Tex.Crim.App.1991). 

Our review
convinces us that appellate counsel conducted a complete review of the record
for this cause.  We have also made an
independent examination of the entire record to determine whether there are any
arguable grounds which might support the appeal from the juvenile court=s order modifying
its original disposition.  We agree the record presents no arguably
meritorious grounds for review.  
Accordingly, we grant counsel's motion to withdraw and affirm the
judgment of the juvenile court.

 

                                                                                                Mackey
K. Hancock

                                                                                                            Justice

 

            








 











[1] Counsel has also sent a copy of the
motion to withdraw and brief to appellant=s mother.