NO. 07-03-0284-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MAY 25, 2005

_____


STEVE OLDFIELD, APPELLANT

V.

DR. JOE STOCKETT, APPELLEE


_____

FROM THE 64TH DISTRICT COURT OF SWISHER COUNTY;

NO. A10370-0210; HONORABLE ROBERT W. KINKAID, JR., JUDGE

_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Appellant Steve Oldfield challenges a summary judgment awarding appellee Joe Stockett $9,565.88 for veterinary services and attorney's fees in the amount of $4,650.00. For the reasons discussed herein, we will affirm.

Oldfield operated a horse breeding facility in Swisher County. Stockett performed veterinary services for Oldfield on an open account. In August 2001, the account balance

was approximately $14,000. A $10,000 payment and other adjustments brought the account balance to $0 as of September 21, 2001. In March 2002 Oldfield was sentenced to prison on an unrelated matter. At that time the account balance was $6,833. His mother, April Oldfield (April), maintained some involvement with the facility. Stockett alleged April orally guaranteed payment of the existing debt conditioned on his providing additional services on the account. Stockett's records showed $1,200 in payments on the account in 2002.

In October 2002, Stockett brought suit against Oldfield and April seeking to recover $12,016.88 on the account[1] or under quantum meruit. Each defendant filed an answer. April's answer included several affirmative defenses and a verified denial. Acting pro se, Oldfield filed a general denial. In December 2002, Stockett served a request for admissions on Oldfield, advising him the matters would be deemed admitted unless, in a response delivered within 50 days, Oldfield denied the matters, objected, or stated why he could not admit or deny a matter. The request asked Oldfield to admit or deny that Stockett provided, and Oldfield accepted, the goods and services listed on an attached statement of account, that the amounts shown on the statement represented the value of the goods and services, that the price charged was the price agreed to by Oldfield, that the principal amount due on the filing of Stockett's petition was $12,016.88, and that Stockett presented a request for payment of that amount on September 18, 2002.

---

[1]Stockett's original and amended petition each state he was bringing suit on a sworn account. No affidavit meeting the requirements of Rule of Civil Procedure 185 was attached, however, and Stockett's motion for summary judgment did not rely on Rule 185.

When no response was received within 50 days Stockett filed a motion for summary judgment, against Oldfield only, on January 27, 2003. The motion was based on the deemed admissions, *see* Tex. R. Civ. P. 198.2(c), and an affidavit of his office manager verifying the business records and debt, and sought a judgment in the principal amount of $11,565.88, together with prejudgment interest, post judgment interest, costs and attorney's fees.[2] The record contains a letter from Oldfield addressed "to whom it may concern," file-marked March 7, 2003, purporting to explain why "I do not owe Joe Stockett any money." The letter asserted Stockett "was suppose to collect $16,000.00 from Billy Beedles for Mare care and breeding[.]" It also alleged Stockett had failed to pay, or give credit for, $300 in transportation services provided by Oldfield's brothers. The relationship between Beedles[3] and the debt at issue is not explained in the letter, nor does the letter indicate why Oldfield would be entitled to credit because of services provided by his brothers. A second letter filed the same day stated, in full:

> This letter is to the court explaining why I did not get the <u>Fact Requested to be Admitted</u>.
>
> I mailed this as soon as I could. Sometimes the mail does not get out or in for 3 or 4 weeks. Plus we have been in Lock Down Several Times.
>
> I am sorry you did not get the <u>Facts requested to be Admitted</u> on time.

---

[2]In response to "special exceptions" to the motion by April, Stockett filed an amended motion clarifying that it was directed only to the claims against Steve Oldfield.

[3]Also sometimes spelled "Beadles" in Oldfield's brief.

3

(Underlining in original)  It appears no response to the request for admissions was submitted with the letter.

In a March 2003 order the trial court granted Stockett's motion for summary judgment.  The order did not award damages or other relief.  In April 2003, an attorney filed an amended answer, apparently on behalf of both April and Oldfield, which pleading also asserted counterclaims for usury.  Stockett filed a general denial in response to the counterclaims.

On a joint motion for nonsuit filed by April and Stockett, the trial court rendered an order dismissing with prejudice all claims between those parties.  On May 19, 2003, the court signed an order granting judgment against Oldfield in the amount of $9,565.88 together with costs and $4,650 in attorneys fees.  Oldfield timely filed a pro se notice of appeal.

Oldfield's pro se brief on appeal presents two issues in which he asserts the trial court erred in "accepting and entertaining suit brought by Plaintiff with unclean hands," and "granting summary judgment to Plaintiff with unclean hands."  His argument in support cites cases for the proposition that "the party coming to Court with unclean hands is always denied relief." *See, e.g., Truong v. City of Houston,* 99 S.W.3d 204, 212 (Tex.App.– Houston [1st Dist.] 2002, no pet.)  ("a party with 'unclean hands' will not be permitted to pursue equitable relief").

Oldfield devotes several pages of his brief to a statement of facts and concedes a debt of "$6,800" to Stockett on the date of his incarceration.  The brief also contains

4

allegations that Stockett negligently injured, and ultimately caused the death of, one of Oldfield's stallions, which Oldfield valued at $10,000. It describes Oldfield's plans to satisfy his debt to Stockett through a business arrangement with Beedles, and alleges Stockett's records did not reflect all of the payments made on the account. In support of the factual allegations in the brief Oldfield has attached six affidavits, business records, and a copy of the request for admissions where Oldfield has circled the word "denied" after each request. With the exception of Stockett's business records showing services performed and charges, none of these documents were presented to the trial court.

Consideration of the issues raised in Oldfield's brief is complicated by his mistaken assumption that the appeal is an opportunity to present the case he did not present in the trial court. Pro se litigants must be held to the same standards as licensed attorneys with respect to compliance with applicable rules of procedure. *See Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184-85 (Tex. 1978); *Clemens v. Allen*, 47 S.W.3d 26, 28 (Tex.App.–Amarillo 2000, no pet.). In conducting appellate review we may not consider evidence or, with some exceptions not applicable here, issues that were not presented to the trial court. On appeal we are limited to considering the record, which consists of the clerk's record and, if necessary, the reporter's record. Tex. R. App. P. 34.1; *Guajardo v. Conwell*, 46 S.W.3d 862, 864 (Tex. 2001); *see Goode v. Shoukfeh*, 915 S.W.2d 666, 671 n.6 (Tex.App.–Amarillo 1996), *aff'd*, 943 S.W.2d 441 (Tex. 1997). In determining this appeal, therefore, we may not consider the affidavits appended to Oldfield's brief.

5

Moreover, Rule of Civil Procedure 166a(c) governing summary judgments prevents our consideration of issues not expressly presented to the trial court as grounds for reversal. *Casso v. Brand*, 776 S.W.2d 551, 553 (Tex. 1989) (all theories in support of or in opposition to a motion for summary judgment must be presented to the trial court in writing). *See also* Tex. R. App. P. 33.1(a) (requiring preservation of error for appellate review by a timely objection to the trial court).

In reviewing Oldfield's appellate issues, we must consider his argument supporting them and not simply their wording. *Anderson v. Gilbert*, 897 S.W.2d 783 (Tex. 1995). The statement of an issue is treated as covering every subsidiary question that is fairly included. Tex. R. App. P. 38.1(e). Briefing rules are to be construed liberally. Tex. R. App. P. 38.9. Following those precepts, we evaluate Oldfield's argument supporting his issues in the light of the matters raised in his statement of facts. So doing, and giving particular attention to Oldfield's contention that Stockett's records as presented to the trial court did not accurately reflect the amount due him, we treat Oldfield's brief as presenting an issue challenging the sufficiency of Stockett's summary judgment proof to establish his entitlement to the $9,565.88 judgment as a matter of law.[4] S*ee City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex. 1979).

To prevail on a motion for summary judgment, a movant must establish there is no genuine issue of material fact and he is entitled to judgment as a matter of law. *Randall's Food Markets., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex. 1995).

---

[4]Oldfield's brief cannot be read as challenging the trial court's award of attorney's fees to Stockett or its disposition of the usury counterclaim.

Summary judgment evidence may include admissions of a party. Tex. R. Civ. P. 166a(c). Oldfield's failure to timely serve a response to Stockett's request for admissions resulted in those matters being deemed admitted. *See* Tex. R. Civ. P. 198.2(c). Such admissions conclusively establish the matters admitted unless withdrawal is permitted by the trial court on a showing of good cause and a finding the withdrawal will not result in undue prejudice to the party relying on the admissions. Tex. R. Civ. P. 198.3.

Oldfield's brief asserts that his failure to respond to Stockett's request for admissions was due to his incarceration, "the burdensome task of writing certain individuals, seeking their assistance in obtaining the necessary documents to prepare the requested information," and the discovery that needed documents were missing from his office. But Oldfield never made the trial court aware of such difficulties beyond the fact of his incarceration. His letter filed March 7, 2003, referring to his failure to file the "facts requested to be admitted" on time, mentions none of the matters discussed in his brief. Assuming, arguendo, Oldfield's discussion in his brief is taken as a complaint of the trial court's failure to permit withdrawal of the deemed admissions, we find he has not preserved such a complaint for appellate review. Tex. R. App. P. 33.1. Further, a trial court has broad discretion to permit or deny the withdrawal of deemed admissions. *Stelly v. Papania*, 927 S.W.2d 620, 622 (Tex. 1996) (per curiam). Even if the assertions contained in Oldfield's brief had been presented to the trial court, we could not say the trial court would have abused its discretion by denying withdrawal. *Compare Burden v. John Watson Landscape Illumination*, 896 S.W.2d 253, 255 (Tex.App.–Eastland 1995, writ denied)

7

(withdrawal of deemed admissions permitted on showing late response due to clerical error and party's diligence in correcting error established good cause).

As noted, the deemed admissions included admissions that Stockett provided the services shown on his statement of account, that the charges were the ususal and customary price for the goods and services and in accordance with the parties' agreement, and that the amount remained unpaid. These admissions track the elements of a suit on an account. *See, e.g., Worley v. Butler,* 809 S.W.2d 242, 244-45 (Tex.App.–Corpus Christi 1990, no writ). This evidence established Stockett was entitled to summary judgment.[5] On that showing, Oldfield, as the non-movant, had the burden to respond to the motion for summary judgment and present to the trial court any issues that would preclude summary judgment. *Clear Creek Basin Authority*, 589 S.W.2d at 678. Oldfield's letter filed March 7, 2003 "explaining why I do not owe Joe Stockett any money" may be viewed as a response to Stockett's summary judgment motion. So viewed, though, it fails to point to any summary judgment evidence raising a fact issue concerning any element of Stockett's

---

[5]The summary judgment record does not discuss the $451.00 difference in the $12,016.88 balance shown on Stockett's statements and the $11,565.88 his pleadings sought. Nor does it explain the $2,000 credit referred to in the judgment given Stockett for $9,565.88. Oldfield's brief says the $2,000 was paid to Stockett by his mother April. In any event, since the differences are in Oldfield's favor, any error involved did not cause the rendition of an improper judgment. Tex. R. App. P. 44.1(a)(1). *See Roadside Stations, Inc. v. 7HBF, Inc.*, 904 S.W.2d 927, 934 (Tex.App.–Fort Worth 1995, no writ) (opinion on rehearing); *Rothchild v. Fannin Bank,* 407 S.W.2d 878, 879-80 (Tex.Civ.App.–Texarkana 1966, writ ref'd n.r.e.).

cause of action.[6]  Oldfield presented nothing to the trial court defeating Stockett's entitlement to summary judgment.

Accordingly, we overrule appellant's issues and affirm the judgment of the trial court.

On Motions

Also pending before the court are an amicus curiae brief, Oldfield's motion for permission to file that brief, and his objection to "Plaintiff's Interrogatories in Aid of Judgment."

Rule of Appellate Procedure 11 authorizes the presentation of amicus curiae briefs which: (a) comply with the rules applicable to the parties' briefs, (b) identify the person on whose behalf the brief is tendered, (c) disclose the source of any fee for preparing the brief and (d) certify service of copies on all parties.  The brief tendered here fails to satisfy the mandatory requirements of Rule 11.  In several respects, the brief offered fails to comply with the rules governing appellate briefs.  Tex. R. App. P. 9.3, 9.4, 38.  The brief is submitted pro se by an individual who claims to have "some knowledge of the events involved," but who has no discernable connection to the case or special interest in the outcome of the appeal.  It consists primarily of a series of factual assertions without reference to the appellate record.  The brief does not aid the court's consideration or

---

[6] Even if the court could have considered evidence contrary to Oldfield's deemed admissions, see *Marshall v. Vise*, 767 S.W.2d 699, 700 (Tex. 1989), Tex. R. Civ. P. 198.3, Oldfield's unsworn letter itself cannot constitute summary judgment evidence.  Summary judgment evidence must be in a form admissible at trial.  *Cox v. Bancoklahoma Agri-Service Corp.*, 641 S.W.2d 400, 402 (Tex.App.–Amarillo 1982, no writ); *see United Blood Services v. Longoria*, 938 S.W.2d 29, 30 (Tex. 1997).

disposition of the appeal. We decline to consider the brief and direct it be returned. Tex. R. App. P. 11. We also deny Oldfield's motion requesting permission to file the amicus curiae brief.

In his Objections to Plaintiff's Interrogatories in Aid of Judgment, Oldfield asserts he has received interrogatories served pursuant to Rules of Civil Procedure 197.2 and 621a. He contends the interrogatories are improper because the case is pending on appeal. He also complains the number of interrogatories exceeds the number permitted by the Rules of Civil Procedure and are untimely. We would be unable to evaluate any of Oldfield's complaints concerning the interrogatories because he has not provided us a copy of them. More importantly, the Rules of Civil Procedure provide that post-judgment discovery is supervised judicially in the same manner as that conducted before trial. Tex. R. Civ. P. 621a. Complaints concerning such discovery are to be directed in the first instance to the trial court. The record before us contains no supercedeas bond or other action suspending enforcement of the trial court's judgment. *See* Tex. R. App. P. 24.1. Generally, perfection of appeal alone does not prevent a judgment creditor from seeking enforcement of his judgment. See Tex. Civ. Prac. & Rem. Code Ann. §§ 52.001 et seq. (Vernon 1997 & Supp. 2004); *In re Crow-Billingsley Air Park, Ltd.*, 98 S.W.3d 178, 179 (Tex. 2003) (per curiam). We decline to consider Oldfield's objection to the interrogatories, without prejudice to his ability to assert objections in accordance with the Rules of Civil Procedure. *See generally* Tex. R. Civ. P. 193.2.

James T. Campbell
Justice

10